IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LINNETH ROSE BROWN,
    Petitioner,

vs.                                        Case No. 3:05cv44/RV/EMT

MARCIA RIVERA,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court upon Petitioner's filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Respondent filed an answer (Doc. 8), and Petitioner filed a reply (Doc. 12). Petitioner then filed a proposed amended petition, which the court construed as including a motion to amend (Doc. 16). Respondent filed a response in opposition to the motion to amend (Doc. 17). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D.Fla. Loc. R. 72.2(b).

       In her original petition, Petitioner claimed that she was invalidly sentenced in the United States District Court for the Northern District of Florida after a jury found her guilty of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Doc. 1 at 2). Petitioner challenges the validity of her sentence on the ground that the sentencing court significantly increased her sentence, pursuant to the United States Sentencing Guidelines, based upon facts (drug quantity and her role as an organizer of the conspiracy) that were not submitted to the jury or proven beyond a reasonable doubt, in violation of Blakely v. Washington, 542 U.S. 296, 124 S.C. 2351, 159 L.Ed.2d 403 (2004) and United States v. Booker, \_\_\_ U.S. \_\_\_, 125 S.Ct. 738, (2005) (*see* Doc. 1, attached supporting memorandum). In her amended petition, Petitioner raises the following three claims of trial court error: (1) the trial court admitted evidence based upon "hearsay related information" that

Petitioner did not have an opportunity to challenge in violation of the Confrontation Clause, (2) the trial court erred by admitting into evidence hearsay testimony regarding a telephone conversation between the trial witness and Petitioner's sister-in-law, and (3) the trial court erred at sentencing by allowing testimony regarding an "out of court related drug amount" (Doc. 16 at 3-9). Petitioner's amended claims are based upon Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), in which the Supreme Court held that out-of-court statements by witnesses that are testimonial are barred under the Confrontation Clause, unless witnesses are unavailable and defendants had a prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by court (*id*. at 10).

To challenge on constitutional grounds the imposition or validity of her conviction or sentence, Petitioner must file her petition pursuant to 28 U.S.C. § 2255. *See* United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 generally attacks only the execution or carrying out of an initially valid confinement. *See* Broussard v. Lippman, 643 F.2d 1131 (5th Cir. Unit A 1981), *cert. denied*, 452 U.S. 920, 101 S.C. 3059, 69 L.Ed.2d 425 (1981). Although jurisdiction under § 2241 may be found through what has been referred to as "the savings clause" of the amended § 2255,[1] this remedy is available only if Petitioner establishes that the § 2255 remedy is inadequate or ineffective. *See* Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979). In Wofford, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

---

[1]The "savings clause" provides:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(emphasis added).

In the instant case, Petitioner concedes she previously sought relief from her conviction and sentence on other grounds pursuant to § 2255, but the district court denied relief (*see* Doc. 1 at 2-3). Indeed, the court notes that on March 25, 1993, Petitioner filed a § 2255 motion in the United States District Court for the Northern District of Florida; however, the district court denied the motion (*see* Brown v. United States, No. 3:93cv30101 (N.D. Fla. Sept. 19, 1994)). Petitioner subsequently filed a second § 2255 motion, but the motion was dismissed as successive (*see* Brown v. United States, No. 3:97cv174 (N.D. Fla. June 13, 1997)). Petitioner apparently recognizes that claims like the one presented in the instant petition must normally be presented in a motion attacking the conviction pursuant to section 2255; however, since she now appears barred from presenting another section 2255 motion, Petitioner suggests that the section 2255 remedy is inadequate and ineffective because the Supreme Court precedent upon which her claims are based had not been decided at the time of her first § 2255 motion (Doc. 1 at 3).

The fact that the instant claims may have been foreclosed by legal precedent at the time of her first § 2255 motion is only one of three conditions that must be satisfied to invoke the savings clause of § 2255(*see* Wofford, *supra*). Petitioner has failed to satisfy the first condition enumerated in Wofford because she has failed to show that Blakely, Booker, or Crawford is retroactively applicable on collateral review.[2] Furthermore, Petitioner cannot show that the holding of Blakely, Booker, or Crawford establishes she was convicted of a nonexistent offense. Therefore, Petitioner is simply not entitled to proceed in habeas corpus pursuant to the savings clause of § 2255.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus, as amended, filed under 28 U.S.C. § 2241 (Docs. 1, 16) be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida this 13th day of September, 2005.

---

[2] Indeed, the Eleventh Circuit has recently indicated that neither Blakely nor United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) are retroactively applicable on collateral review. *See* Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005).

Case No.: 3:05cv44/RV/EMT

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

Case No.: 3:05cv44/RV/EMT